A True Copy

Attest: *Jolly A. Bangel*
Clerk of Courts

STATE OF MAINE
CUMBERLAND, ss.

SUPERIOR COURT
CRIMINAL ACTION
Docket No. CR-07-100

STATE OF MAINE,

v.

ORDER

DONALD L. GARBRECHT
LAW LIBRARY

MICHAEL A. RUSSO,

Defendant.

AUG 02 2007

Before the court is defendant Michael Russo's motion to dismiss on the grounds (1) that he cannot be prosecuted in this case based on double jeopardy and (2) that the State cannot prosecute him in this case without violating a plea bargain previously reached in Docket No. CR-06-2462.

The relevant facts are undisputed. On or about June 21, 2006 Mr. Russo was involved in an altercation with a person named David Libby and was charged with misdemeanor assault, Class D, in Portland District Court.[1] He removed that case to Superior Court, Cumberland County, by filing a jury trial request, and the Superior Court case was assigned docket number CR-06-2462. On December 14, 2006 an Assistant District Attorney and counsel for Mr. Russo reached an agreement that the case would be filed for one year pursuant to M.R.Crim.P. 48(c) in accordance with the following conditions:

1. No further criminal activity/civil violations/traffic violations;
2. Payment today of costs $750;
3. No contact, direct or indirect, with David Libby.

Mr. Russo has paid the $750, and the State is not arguing that he violated any of the conditions of the filing.

---

[1] The parties disagree strongly as to the merits of the State's case, as to who instigated the altercation, and as to whether Russo was acting in self-defense. The court cannot consider any of these issues in ruling on the instant motion.

The file in CR-06-2462 indicates that Mr. Libby wrote to the court the day after the case was filed to protest the disposition. Thereafter Mr. Russo was indicted on January 5, 2007 for aggravated assault, Class B, against David Libby and for two counts of misdemeanor assault against David Libby. These charges arise out of the same incident as to which assault charges against Mr. Russo had previously been filed pursuant to Rule 48(c).

According to the District Attorney, this was done for two reasons. First, Mr. Libby had previously communicated to the District Attorney that he opposed resolving the original misdemeanor assault charge for a fine and restitution. Mr. Libby had also requested to be present at any plea and sentencing. Under the victim's rights provisions in the criminal code, the State is required to make a good faith effort, *inter alia*, to inform victims of (1) the details of any plea agreement, (2) the right of victims to comment on any plea agreement, and (3) the proposed dismissal or filing of any complaint. See 17-A M.R.S. § 1172(1)(A), (B), (C). The District Attorney, who appeared personally at the hearing on Russo's motion to dismiss, stated that these requirements had not satisfactorily been complied by her staff with at the time of the filing in CR-06-2462.

Second, according to the State, subsequent information had revealed that Mr. Libby's injuries were more severe than originally thought. Mr. Libby had undergone one surgery in July 2007 and was scheduled for further surgery. This further information apparently led to the presentation to the grand jury of an aggravated assault charge based on "serious bodily injury." See 17-A M.R.S. § 208(1)(A).[2]

---

[2] It is not clear how much of the information about the need for surgery was available to the Assistant District Attorney on December 14, 2006, when CR-06-2462 was filed. Based on what the District Attorney said at the hearing on Mr. Russo's motion to dismiss, some or all of that information was in the file but the ADA had not read the entire file. Mr. Libby' December 15, 2007 letter to the judge who had signed off

2

Mr. Russo, understandably upset at being faced with a considerably more serious version of charges that he thought had already been disposed of by a filing, thereafter brought the instant motion to dismiss.

Discussion

1.     Double Jeopardy

Mr. Russo argues that the State cannot pursue the indictment against him under the "double punishment" prong of the double jeopardy clause. See, e.g., State v. O'Connor, 681 A.2d 475, 477 (Me. 1996). Specifically, Mr. Russo argues that he has already been punished by the imposition of $750 in court costs – a figure which, he points out, is not required to be related to actual court costs and has not been shown to be related to actual court costs.[3]

The problem with this argument is that it proves too much. If Mr. Russo has already been punished for double jeopardy purposes by the imposition of $750 in court costs, then the State would be forbidden to prosecute him again for an assault on Mr. Libby even if he violates the terms of the filing, e.g., by having contact with Mr. Libby during the filing period. Contrary to its expressed purpose, the filing rule would be turned into a "dismissal with prejudice" rule whenever court costs were imposed.

The payment of court costs under Rule 48(c), in the court's view, does not constitute punishment for purposes of double jeopardy but allows a rough approximation of the State's costs as part of an agreement to hold a case in suspense

---

on the filing – in addition to expressing Mr. Libby's extreme unhappiness that he had not been consulted with respect to the filing – also informed the court that he was now scheduled for surgery.

[3] If the case turned on this issue, the court might be prepared to give the State an opportunity to demonstrate its actual costs in prosecuting the case up to the date of filing (in direct expenses and attorney time). See United States v. Halper, 490 U.S. 435, 452 (1989), overruled on other grounds, Hudson v. United States, 522 U.S. 93, 101-102 (1997) (remanding to allow government to show its actual costs resulting from defendant's fraud).

with the potential of eventual dismissal. This view is reinforced by the express provision in the rule that any dismissal under Rule 48(c) is to be "without prejudice."

## 2. Violation of Plea Agreement

Considerably more troubling is Mr. Russo's argument that the State ought to be held to the agreement it reached on December 14, 2006 and is therefore contractually bound not to revive its prosecution unless Mr. Russo violates one of the conditions of the December 14, 2006 filing. On this argument, the equities plainly lie with Mr. Russo. Nevertheless, the court ultimately concludes that, where the filing rule expressly contemplates that any dismissal of the case shall be "without prejudice," Russo cannot be found to be entitled to the equivalent of a dismissal with prejudice by complying with the filing conditions. Put another way, Rule 48(c) expressly provides that the maximum benefit a defendant can receive from a filing is a deferral of prosecution without prejudice. Although there is usually a strong likelihood that prosecution will never been reinstated and that the statute of limitations will eventually run, the defendant who accepts a filing is not guaranteed that he will never be prosecuted.[4]

Counsel for Mr. Russo hypothesizes that the reason why a Rule 48(c) dismissal is stated to be "without prejudice" is because the rule makers did not want to preclude the State from reinstating a charge if there is a violation of the filing conditions that does not come to the State's attention until after the charge had been dismissed. Although there is some appeal to this argument, the court ultimately does not accept it for two reasons. First, there is no indication that drafters of the rule shared this interpretation.

---

[4] The court takes judicial notice that the filing in CR-06-2462, signed by Mr. Russo, expressly states that Mr. Russo understands "that the Attorney for the State may place the case on the active trial list during the period of the filing and that if the Attorney for the State takes no action to bring the case to the attention of the court within the period of the filing, the clerk shall enter a dismissal of the case without prejudice" (emphasis added). Under these circumstances Mr. Russo could not have reasonably believed he had an ironclad right not to be prosecuted based on the filing.

4

Second, this argument would convert the eventual result of a Rule 48(c) filing into a dismissal with prejudice unless there is a violation of a filing condition. If the drafters of the rule had intended that result, they could have said so. The plain meaning of the words "without prejudice" is that the State is not precluded from reinstating the charge.

The court is reluctant to reach this result because, notwithstanding the wording of the rule, the general understanding is that charges will not be reinstated if the filing conditions are observed and it is likely that Mr. Russo relied on that understanding despite the express warning in Rule 48(c) that any dismissal is without prejudice. The court is also reluctant to reach this result because it suspects that defendants in the future may be unwilling to enter into filing agreements in light of the District Attorney's actions in this case. Nevertheless, the court does not think that these considerations trump the express language of the rule.

The entry shall be:

Defendant's motion to dismiss is denied.

DATED:    May _3_, 2007

Thomas D. Warren
Justice, Superior Court

5